Matthew B. Hippler, Esq.
Nevada Bar No. 7015
Lauren D. Wigginton, Esq.
Nevada Bar No. 15835
**HOLLAND & HART LLP**
5470 Kietzke Lane, Suite 100
Reno, NV 89511
Phone (775) 327-3000
Fax (775) 786-6179
mbhippler@hollandhart.com
ldwigginton@hollandhart.com

Greg B. Whiston (*pro hac vice*)
SEIGFREID BINGHAM, P.C.
2323 Grand Blvd., Suite 1000
Kansas City, MO 64108
Phone (816) 421-4460
Fax (816) 474-3447
gwhiston@sb-kc.com
*Attorneys for Plaintiff Shafer Equipment Company, Inc.*

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAFER EQUIPMENT COMPANY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>HITACHI CONSTRUCTION MACHINERY AMERICAS INC., f/k/a HITACHI CONSTRUCTION MACHINERY LOADERS OF AMERICA, INC.,<br><br>Defendant. | Case No. 3:26- cv-00476-ART-CSD<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED that Plaintiff Shafer Equipment Company, Inc. ("Plaintiff"), and Defendant Hitachi Construction Machinery Americas Inc. ("Defendant"), by and through their undersigned counsel of record, submit this Stipulated Protective Order. Together, Plaintiff and Defendant are referred to herein as the "Parties" and each individually, a "Party."

During the course of this litigation, a Party may produce or disclose documents, materials, and/or information (collectively, "Information") that are confidential, proprietary, trade secret,

competitively sensitive, and/or contain personal information. Similarly, such Information may be disclosed by written discovery, document production, deposition testimony (to the extent taken), or in other filings with the Court. Accordingly, the Parties agree as follows:

1. **Scope.** This Stipulated Protective Order shall apply to all non-public information and materials provided or produced by the Parties in this litigation, whether written, oral, contained in documents or transcripts, or in any form, which has been designated in good faith as "Confidential" or "Attorneys' Eyes Only" in accordance with the definitions herein. As used herein, "Designating Party" shall refer to the parties in this action that designate documents or materials as "Confidential" or "Attorneys' Eyes Only" as well as non-parties who have designated materials or documents as "Confidential" or "Attorneys' Eyes Only." "Receiving Party" shall refer to the parties in this action that receive information or materials designated "Confidential" or "Attorneys' Eyes Only" from a "Designating Party." This Stipulated Protective Order does not cover information: (a) known to the Receiving Party prior to disclosure; or (b) obtained by the Receiving Party after disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. All documents, information, or materials designated as "Confidential" or "Attorneys' Eyes Only" shall be used solely for the purpose of this litigation and will not be used or disclosed outside the context of this litigation. Any person receiving such documents, information, or materials shall restrict its disclosure to persons authorized under this Stipulated Protective Order. Applying a confidentiality designation does not confer any status or protection otherwise except as provided in this Stipulated Protective Order. Nothing herein restricts the Designating Party's right to use its own documents, information, and materials as it chooses.

2. **Definition of Confidential Information.** There are two levels of confidential information:

a. "<u>Confidential</u>" – Non-public documents, information, and materials that the Designating Party believes in good faith constitute, contain, or reflect financial information, personnel information, or proprietary, trade secret, or commercially sensitive information.

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

b. Confidential Information shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; Social Security numbers; dates of birth; employment personnel files; home telephone records/numbers; tax records; contract negotiations and related information for persons who are not a party to this lawsuit.

c. A producing party also may designate as "Attorneys' Eyes Only" any Confidential Information, or portion of any Confidential Information consisting either of trade secrets as defined in NRS 600A.030(5) and 18 U.S.C. § 1839(3) or proprietary or other highly confidential business, financial, regulatory, product design, engineering, technical, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the disclosing party or producing party.

**3. Designating a Document or Deposition as Confidential or Attorneys' Eyes Only.**

a. A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party contends that it contains Confidential Information.

b. A party or non-party may designate a document as confidential by conspicuously marking each page with the word "Confidential." A party may designate a document as Attorneys' Eyes Only by conspicuously marking each page with the phrase "Attorneys' Eyes Only."

c. Deposition testimony may be designated as Confidential Information and/or Attorneys' Eyes Only:

i. on the record at the deposition; or

ii. after the deposition, by promptly notifying the parties and those who were present at the deposition, provided that if Attorneys' Eyes Only information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

iii. If a witness is expected to testify as to Confidential Information, a party or



HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents. If a witness is expected to testify as to Attorneys' Eyes Only information, a party may request that such portion of the witness's deposition be taken in the presence of only those persons entitled to receive such information.

**4. Who May Receive a Confidential Document.**

a. Confidential Information may be used only in this action.

b. No person receiving Confidential Information may reveal it, except to:

i. the court and its staff;

ii. an attorney or an attorney's partner, associate, or staff;

iii. a person shown on the face of the confidential document to have authored or received it;

iv. a court reporter or videographer retained in connection with this action;

v. a party (subject to paragraph 3(c)); and

vi. any person who:

1. is retained to assist a party or attorney with this action; and

2. signs a declaration that contains the person's name, address, employer, and title, and that is in substantially this form:

a. I have read, and agree to be bound by, the protective order in the case captioned *Shafer Equipment Company, Inc. v. Hitachi Construction Machinery Americas Inc.*, Case No. 3:26-CV-00395-ART-CLB in the United States District Court for the District of Nevada. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

information from a confidential document.

b. I declare under penalty of perjury that the foregoing is true and correct.

c. If Attorneys' Eyes Only information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**5. Restrictions on Access for Attorneys' Eyes Only Material.**

a. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel of record for the receiving party, including their associates, paralegals, stenographic and clerical employees, and to such other persons as counsel for the producing party agrees in advance or as ordered by the Court. The parties' counsel may further, to the extent necessary to the prosecution or defense of this action, in accordance with the terms of this protective order and in good faith, make "Attorneys' Eyes Only" designated documents and any copies, portions, summaries, analyses or excerpts of any documents containing confidential information available to outside or non-party consultants or expert witnesses, provided, however, that, prior to delivering any such information to such witness, consultant, or expert, counsel shall obtain from the consultant or expert, a signed and dated statement to the effect that the person has read this protective order, agrees to be bound by its terms, and consents to the jurisdiction of the Court for the purposes of enforcing the protective order.

b. If Attorneys' Eyes Only information is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

**6. Exercise of Restraint and Care in Designating Material for Protection.** Each Designating Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Parties agree that, to expedite discovery and the production of documents, produced documents may contain a "Confidential" stamp and shall be treated as such. The Parties agree that should any party seek to file any produced documents bearing the

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

"Confidential" stamp, the Designating Party shall reasonably and in good faith work to remove the Confidential stamping to reduce the need to file any documents under seal. The Designating Party bears the burden of establishing that any designation is proper and warranted. Mass, indiscriminate or routinized designations of documents as Attorneys' Eyes Only are strictly prohibited. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the definitions herein – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Failure to exercise appropriate restraint in designations may result in waiver of confidentiality protection.

**7. Designation Procedures.**

a. Method. A Designating Party or its counsel may designate documents and materials as "Confidential" or "Attorneys' Eyes Only" by affixing the appropriate designation to each page containing the protected material in a manner that does not interfere with legibility. If only portions of a page qualify for protection, the Designating Party must clearly identify the protected portions (e.g., making appropriate markings in the margins) and specify the protection level for each portion. Designations must be applied prior to or at the time of production or disclosure.

b. Inadvertent disclosure/failure to designate. An inadvertent failure to designate qualified material does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. In the event a party or third party inadvertently produces Confidential Information without a designation, that party or third party shall promptly provide written notice to the receiving party that the Confidential Information is designated Confidential under this Stipulated Protective Order along with appropriately labeled copies of the Confidential Information. Upon receiving such notice, the receiving party must immediately treat the information at issue as Confidential Information.

c. Inspection of materials prior to production. Materials made available for inspection prior to production need not be designated at the time of inspection. For



HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

purposes of such an inspection, all materials made available for the inspection shall be considered "Confidential" and subject to this Stipulated Protective Order at the time of the inspection. If any documents, information, or materials subject to that inspection are later produced, the Designating Party may designate them according to this Stipulated Protective Order's procedures.

d. Depositions. A Designating Party or its counsel may designate deposition or other testimony provided by the Designating Party as "Confidential" or "Attorneys' Eyes Only" by providing written notice specifying the protected portions by page and line within thirty (30) days after receiving the official transcript. Any such designation must identify the specific testimony that qualifies for protection and may not encompass entire transcripts or broad portions thereof without specific justification.

**8. Access by outside consultants and experts to Confidential information.** The Parties' counsel may make "Confidential" or "Attorneys' Eyes Only" documents, information, or materials available to witnesses, consultants, or expert witnesses as permitted in Section 5, but only to the extent necessary for the pursuit or defense of this action and in good faith accordance with the terms of this Stipulated Protective Order. To the extent a Party intends to disclose materials designated as "Confidential" or "Attorneys' Eyes Only" then that Party shall obtain from each recipient a signed and dated copy of Exhibit A, which includes a statement to the effect that the person has read this Stipulated Protective Order, agrees to be bound by its terms, and consents to the jurisdiction of the United States District Court for the District of Nevada for the purposes of enforcing the Stipulated Protective Order.

**9. Deposition Procedures.** Persons may be deposed regarding documents, information, or materials within their knowledge that have been designated as "Confidential" or "Attorneys' Eyes Only." All deposition transcripts containing "Confidential" or "Attorneys' Eyes Only." information will be treated according to this Stipulated Protective Order, provided the Designating Party follows the deposition designation procedures set forth in this Stipulated Protective Order.

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

**10. Challenges to designations.** Any Party may challenge confidentiality designations at any time by serving written notice on the Designating Party's counsel, specifying the challenged item(s) by Bates number. The Parties shall attempt to resolve each challenge in good faith. The Designating Party must initiate a meet and confer within thirty (30) days of the date of service of the notice. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within a reasonable time after the meet-and-confer concludes. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All Parties shall continue to afford the documents, information, or materials in question the level of protection to which it is entitled under the designation until the Court rules on the motion.

The failure of any Party to challenge the confidentiality designation by any Designating Party of documents, information, or materials during discovery shall not be a waiver of that Party's right to challenge the designation of such material at any time, including at hearings or trial.

**11. Filing with the court.** Unless otherwise permitted by statute, rule or prior court order, all discovery materials containing "Confidential" filed with the court, and any pleading, brief or memorandum purporting to quote, reproduce, or paraphrase "Confidential" information, shall be endorsed "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER," accompanied by a contemporaneous motion for leave to file those documents, information, or materials under seal in accordance with the Federal Rules of Civil Procedure and local rules for the United States District Court for the District of Nevada, and filed consistent with the Court's electronic filing procedures.

**12. Use at Trial.** Nothing in this Stipulated Protective Order shall be construed to affect the use of any Confidential or Attorneys' Eyes Only material at trial. The procedures governing the handling, filing, and disclosure of such material during trial shall be addressed by separate motion and governed by the presiding judge's trial procedures and the applicable local rules. The Parties shall meet and confer in good faith, sufficiently in advance of trial, regarding

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

the treatment of Confidential and Attorneys' Eyes Only material to be used at trial, including the preparation of a joint proposed order or stipulation for the Court's consideration.

**13. No implied acknowledgment of confidentiality.** The receipt of documents, information or other materials designated as “Confidential” or “Attorneys’ Eyes Only” pursuant to this Stipulated Protective Order shall not constitute an acknowledgment that the same are in fact confidential or otherwise legally protectable. The Parties and their counsel need not challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of any such designation. Until and unless the Parties may agree or the Court may finally determine that such documents, information or materials are not properly designated as “Confidential” or “Attorneys’ Eyes Only” pursuant hereto, the same shall continue to be treated as so designated in accordance with the terms of this Stipulated Protective Order.

**14. No greater protection.** Except on grounds of privilege not addressed by this Stipulated Protective Order, no Party may withhold information from discovery claiming it requires protection greater than that afforded by this Stipulated Protective Order unless the Party moves for an order providing such special protection.

**15. Subpoenas and orders in other litigation.** If a Party is served with a subpoena or order in other litigation or regulatory or criminal investigation that would compel disclosure of any documents, information or materials designated as “Confidential” or “Attorneys’ Eyes Only” in this action, that Party must promptly notify the Designating Party in writing with a copy of the subpoena or court order, and notify the party who caused the subpoena or order to issue in the other litigation that some or all of the documents, information, or materials covered by the subpoena or order are subject to this Stipulated Protective Order with a copy of this Stipulated Protective Order. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any documents, information, or materials designated in this action as “Confidential” or “Attorneys’ Eyes Only” pending the other court’s determination, unless the Party has obtained the Designating Party’s permission. The Designating Party shall bear the burden and expense of seeking protection in the other court of its confidential

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

documents, information, or materials and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**16. Disposition of Confidential information upon final determination.** Within sixty days after the final determination of this action, whether by award or judgment that is no longer appealable, and upon request by the Designating Party, all documents, information, and materials designated "Confidential" or "Attorneys' Eyes Only" and all copies, summaries, extracts, or abstracts of such documents or of such information shall promptly be destroyed or returned to the Designating Party's counsel, or disposed of pursuant to further order of the Court. The Receiving Party shall submit a written certification to the Designating Party by the sixty-day deadline, or within 30 days after such a request by the Designating Party, whichever is later, that identifies all the protected material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, summaries, extracts, or abstracts of the protected material. Alternatively, the Parties may agree upon appropriate methods of destruction. Notwithstanding this provision, counsel are entitled to retain an archival copy of all documents filed with the court, trial, deposition and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and all memoranda or other documents prepared by counsel embodying information derived from any such materials even if such materials contain Confidential or Attorneys' Eyes Only material. Any such archival copies that contain or constitute protected material remain subject to this Stipulated Protective Order.

**17. Amendment.** This Stipulated Protective Order may be amended by written agreement of counsel for the Parties submitted to and approved by the Court. Nothing in this Stipulated Protective Order shall preclude any Party from moving to vacate or modify this Stipulated Protective Order or any provision thereof.

**18. Additional Parties**. In the event additional parties join or are joined in this action, including any third party receiving a subpoena, they shall not have access to "Confidential" or "Attorneys' Eyes Only" and shall not designate their own materials "Confidential" or "Attorneys'

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

Eyes Only" until the newly joined party or through its counsel has executed and filed with the Court its agreement to be bound fully by this Stipulated Protective Order.

**19. Jurisdiction.** Any person to whom documents, information, or materials designated as "Confidential" or "Attorneys' Eyes Only" is disclosed shall be subject to the jurisdiction of the Court for purposes of determining, assuring and adjudging such person's compliance with this Stipulated Protective Order. This provision shall survive the termination of this action.

/ / /

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

**IT IS SO STIPULATED AND AGREED.**

DATED this 3rd day of September, 2026.

**HOLLAND & HART LLP**

*/s/ Greg B. Whiston*
Matthew B. Hippler, Esq.
Lauren D. Wigginton, Esq.
5470 Kietzke Lane, Suite 100
Reno, NV 89511

SEIGFREID BINGHAM, P.C.
Greg B. Whiston (pro hac vice)
2323 Grand Boulevard, Suite 1000
Kansas City, MO 64108

*Attorneys for Plaintiff*
*Shafer Equipment Company, Inc.*

DATED this 3rd day of September, 2026.

**JWL INTERNATIONAL**

*/s/ Brandon L. Grubbs (with permission)*
John R. Branson, Esq.
Pro Hac Vice (Tennessee Bar No. 10913)
JRB@JWLInternational.com
JWL International
311 Poplar View Lane West, Suite No. 2
Collierville, Tennessee 38017
Telephone: (901) 569-1175

Richard C. Kaufman, Esq.
Pro Hac Vice (Colorado Bar No. 8343)
RCK@JWLInternational.com
JWL International
9380 Station Street, Suite 525
Lone Tree, Colorado 80124
Telephone: (866) 582-2586

Brandon L. Grubbs, Esq.
Pro Hac Vice (Texas Bar No. 24072130)
BLG@JWLInternational.com
JWL International
870 International Parkway, Suite 280
Flower Mound, Texas 75022
Telephone: (866) 582-2586

Paragraph 19 is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this court.

**IT IS SO ORDERED:**

UNITED STATES MAGISTRATE JUDGE

Dated: September 3, 2026



HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order in the above-captioned action (*Shafer Equipment Company, Inc. v. Hitachi Construction Machinery Americas Inc.*, Case No. 3:26-CV-00395-ART-CLB) and attached hereto, understands the terms thereof and agrees to be bound by those terms. The undersigned submits to the jurisdiction of the United States District Court, District of Nevada in matters relating to the aforementioned and attached Stipulated Protective Order and understands that the terms of the Order obligate him/her to use materials designated as "Confidential" or "Attorneys' Eyes Only" in accordance with the Order for the purposes of the above-captioned action, and not to disclose any such "Confidential" or "Attorneys' Eyes Only" information to any other person, firm, or concern. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties for contempt of court.

Name (printed): ______________________________

Job Title: ______________________________

Employer: ______________________________

Business Address: ______________________________

______________________________

Date: ______________________________

Signature: ______________________________

39370057_v1

HOLLAND & HART LLP
5470 KIETZKE LANE, SUITE 100
RENO, NV 89511